IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| PARENTAL GUIDE OF TEXAS, INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:00CV262 |
| FUNAI CORPORATION, INC., ET AL. | § | |

### ORDER

The defendants' motion for separate trials (#419) is GRANTED IN PART to the extent set forth in this order.

The court bifurcates the trial of willful infringement from the trial of liability, validity, and damages. The court will select a single jury and will try the case of liability, validity, and damages first. To the extent the jury returns a verdict that necessitates a trial on willful infringement, the court will try, to the same jury, that issue. The court issues this order under Fed. R. Civ. P. 42 and has considered the relevant issues, including judicial economy and potential prejudice. In the court's view, this approach strikes an appropriate balance between the plaintiff's right to join multiple defendants and try a single suit involving common issues with the defendants' interest in avoiding adverse infringement or validity findings caused solely by evidence admissible only to prove whether any conduct was willful. To be sure, there may be some overlapping proof in both trials, but the use of the same jury to decide both aspects of the case will help curtail the need to re-admit evidence relevant to both phases of the case.



1

In addition, at the hearing to discuss trial procedures set for October 18, 2002 at 9:30 a.m. in the courtroom of the Honorable William M. Steger, at the United States Courthouse in Tyler, Texas, the parties should be prepared to discuss the following:

**1.     Outstanding evidentiary issues.**

It is the court's practice to pre-admit as much evidence as possible, so that all parties may refer to the evidence in opening statements. The parties should be prepared to discuss the outstanding evidentiary issues so that the court may determine whether additional hearings will be necessary to resolve the issues before jury selection.

**2.     Time limitations.**

As the posture of the case now stands, it is the court's intent to allot to the plaintiff thirty (30) hours to present its case on infringement, validity and damages, inclusive of both direct and cross-examination but exclusive of *voir dire*, opening statement, closing argument and any willfulness trial. Likewise, it is also the court's intent to allot to the defendants, collectively, forty (40) hours to present their case on infringement, validity and damages, with twenty-five (25) hours to be used jointly by all of the defendants and fifteen (15) hours to be divided equally among the defendants for use in the defending against the damages portion of the case. These time periods are also inclusive of direct and cross-examination but exclusive of voir dire, opening statement, closing argument and any willfulness trial. The defendants may, by agreement, allocate these time limitations differently.

Jury selection will commence at 1:00 p.m. on November 4, 2002, in Marshall, Texas. The parties should be prepared to select a jury and make opening statements on that date.

Finally, the court re-sets the pre-trial conference in this matter to October 31, 2001 at 1:00 p.m. in the courtroom of the Honorable John Hannah, Jr. at the United States Courthouse in Tyler,

2

Texas. The court has determined that the amount of time previously set aside by the court for conducting the pre-trail conference is insufficient for a case of this nature, particularly given that the court anticipates conducting a jury trial on the date previously set for the pre-trail conference. The parties' deadlines for filing pre-trial materials, however, will remain as currently set by the docket control order.

So **ORDERED** and **SIGNED** this 10th day of October, 2002.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE